## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA MEDVIC<br>2829 Lee Drive<br>Jamison, PA 18929<br><br>    Plaintiff,<br><br>v.<br><br>INSIGHT OPTHALMOLOGY, PC<br>251 Sagamore Road<br>Havertown, PA 19083<br>  and<br>DR. PAUL C. EZELL, MD<br>251 Sagamore Road<br>Havertown, PA 19083<br><br>    Defendants. | CIVIL ACTION<br><br>No. _____<br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### I. INTRODUCTION

1. This action has been initiated by Patricia Medvic (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) to redress violations by Insight Ophthalmology, PC and Dr. Paul C. Ezell, MD (*hereinafter* collectively referred to as "Defendants," unless indicated otherwise) of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. § 201, *et. seq.*) and applicable state law(s).

### II. JURISDICTION AND VENUE

2. This action is initiated pursuant to a federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. This

Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1), venue is properly laid in this district because Defendants are residents of this district.

### III. **PARTIES**

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant Insight Ophthalmology, PC (*hereinafter* referred to as "Defendant Entity") is a Pennsylvania-based, domestic professional corporation in the business of providing ophthalmology services.

8. Defendant Dr. Paul C. Ezell, MD (*hereinafter* referred to as "Defendant Individual") is the owner and president of Defendant Entity who controls and manages the terms and conditions of employment for employees (including Plaintiff), including but not limited to hiring, firing, issuing discipline, and compensation.

9. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV. FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff was hired by Bernardino Medical Associates (*hereinafter* "BMA") in or about 1979 and worked at the same practice for approximately 34 years.

12. In or about July of 2007, Defendant Individual, a physician at BMA, purchased the practice from the previous owners and created Defendant Entity to carry on the practice.

13. From the time that Defendants purchased BMA until on or about June 29, 2012, Plaintiff was earning a salary of approximately $42,000 per year.

14. Defendant Individual continued to have Plaintiff perform the same work as she had for BMA (office manager duties) and never discussed any change in the rate of pay of Plaintiff.

15. From in or about June 29, 2012 until in or about the end of 2012, Defendants failed to pay Plaintiff's wages for any of the work that she had performed.

16. Although Plaintiff worked approximately the same amount of hours per week before June 29, 2012 and for the remainder of the year, Plaintiff was paid approximately $24,907.50 before June 29, 2012 and nothing thereafter. Although Defendants had failed to pay Plaintiff for any of the work that she had performed after June 29, 2012, Defendant Individual continued to assure her that her pay was forthcoming and provided excuses as to why he could not pay her including but not limited to that her paychecks had been delayed due to a change in payroll companies.

17. Plaintiff continued to work until on or about November 22, 2013 and only received approximately two (2) paychecks, consisting of one week's pay each.

18. When Plaintiff reported to work on or about November 22, 2013, Plaintiff's employment was terminated by Defendants.

19. Following her termination, Plaintiff repeatedly contacted Defendant Individual by text message asking him to pay the wages that are owed to her.

20. In response to Plaintiff's aforementioned text messages, Defendant Individuals has repeatedly acknowledged his failure to pay Plaintiff for the work that she has performed.

### Count I
### Violations of the Fair Labor Standards Act ("FLSA")
(Failure to Pay Minimum Wage)
- Against Both Defendants -

21. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

22. Plaintiff worked approximately 40 hours a week from June 29, 2012 until November 22, 2013 (Approximately 74 weeks) and received wages for only two (2) of those weeks.

23. Plaintiff was clearly paid at a rate below the minimum wage.

24. Plaintiff therefore seeks all remedies permitted under the FLSA for unpaid wages, as well as penalties and interest.

25. Defendant Individual is personally liable because he was high-level management responsible for the terms and conditions of employment for Plaintiff including but not limited to her compensation. Defendant Individual was also responsible for perpetuating company-wide unlawful payroll practices and ratifying same. Additionally, Defendant Individual personally deceived Plaintiff regarding her compensation.

4

## Count II
### Violations of the Pennsylvania Minimum Wage Act ("PMWA")
(Failure to Pay Minimum Wage)
- Against Both Defendants -

26. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

27. Defendants' failure to pay minimum wage in the aforesaid manners also constitutes a violation of the PMWA.

28. Defendant Individual is personally liable because he was high-level management responsible for the terms and conditions of employment for Plaintiff including but not limited to her compensation. Defendant Individual was also responsible for perpetuating company-wide unlawful payroll practices and ratifying same. Additionally, Defendant Individual personally deceived Plaintiff regarding her compensation.

## Count III
### Violation of the Pennsylvania Wage Payment Collection Law ("WPCL")
(43 P.S. 260.3(a)-(b))
- Against Both Defendants -

29. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30. Plaintiff had an agreement with Defendants whereby Defendants agreed to compensate Plaintiff for all services she performed during her employment.

31. Defendants failed to compensate Plaintiff for all wages owed during her employment.

32. Plaintiff performed the agreed-upon services for Defendants, and Defendants failed to properly compensate Plaintiff for the services rendered as specified by the Parties' employment agreement (included but not limited to paying Plaintiff for all hours worked).

5

33. Defendant Individual is personally liable because he was high-level management responsible for the terms and conditions of employment for Plaintiff including but not limited to her compensation. Defendant Individual was also responsible for perpetuating company-wide unlawful payroll practices and ratifying same. Additionally, Defendant Individual personally deceived Plaintiff regarding her compensation.

34. These actions as aforesaid constitute violations of the Pennsylvania Wage Payment and Collection Law.

## Count IV
### Breach of Contract
### - Against Both Defendants -

35. The averments of the foregoing paragraphs are hereby incorporated by reference as if set forth fully herein.

36. Plaintiff and Defendants had an agreement that amounts to an enforceable contract for Plaintiff to be paid for services she performed for Defendants.

37. The aforesaid contract has been breached by Defendants' failure to pay Plaintiff the wages that she is owed under the contract.

38. Plaintiff has clearly suffered damages as a result of Defendants' breach.

39. These allegations as aforesaid constitute violations of Pennsylvania's common law doctrine of Breach of Contract.

## Count V
### Promissory Estoppel / Detrimental Reliance
### - Against Both Defendants -

40. The averments of the foregoing paragraphs are hereby incorporated by reference as if set forth fully herein.

41. Defendants promised to pay Plaintiff for all hours that she worked while

employed with Defendants.

42. Plaintiff relied on Defendants promises and performed worked for Defendants; however, Plaintiff was not paid for all the work she performed.

43. Defendants should have reasonably foreseen that their promises to pay Plaintiff would induce Plaintiff to stay in her position at Defendants for an extended period of time.

44. Plaintiff was in fact induced to stay in her position at Defendants for approximately 74 weeks without being paid for any of the services she performed (with the exception of two weeks – as discussed *supra*).

45. Injustice will result if Plaintiff is not compensated for all the work she performed for Defendants (as she was promised) because Plaintiff detrimentally relied on the promises made to her.

46. These allegations as aforesaid constitute violations of Pennsylvania's common law doctrine of Promissory Estoppel.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting payroll violations and breach of contract.

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' wrongful actions, including but not limited to back pay, front pay, salary, pay increases, and bonuses.

C. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendants' actions;

7

D.   Plaintiff is to be awarded punitive and/or liquidated damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

E.   Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

F.   Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees if permitted by applicable law; and

G.   Plaintiff is permitted to have a trial by jury.

Respectfully submitted,

KARPF, KARPF & CERUTTI, P.C.

Ari R. Karpf, Esquire
Katie A. Pilgren-Beatty, Esq.
3331 Street Road
Building 2, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: March 3, 2014

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| PATRICIA MEDVIC | : | CIVIL ACTION |
| v. | : | |
| INSIGHT OPTHALMOLOGY, PC, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 3/4/2014 | Ari R. Karpf | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2829 Lee Drive, Jamison, PA 18929

Address of Defendant: 251 Sagamore Road, Havertown, PA 19083

Place of Accident, Incident or Transaction: Defendants place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

*RELATED CASE, IF ANY:*
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐ No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☒ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 3/4/2014     _____     ARK2484
                   Attorney-at-Law        Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/4/2014     _____     ARK2484
                   Attorney-at-Law        Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MEDVIC, PATRICIA

(b) County of Residence of First Listed Plaintiff: **Bucks**

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)
Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, akarpf@karpf-law.com

## DEFENDANTS
INSIGHT OPTHALMOLOGY, PC, et al.

County of Residence of First Listed Defendant: **Delaware**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Fair Labor Standards Act "FLSA" 29USC201

Brief description of cause:
Violations of the FLSA and applicable state laws

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE

DOCKET NUMBER

Explanation:

DATE: 3/4/2014

SIGNATURE OF ATTORNEY OF RECORD

[ Print ] [ Save As... ] [ Export as PDF ] [ Retrieve PDF File ] [ Reset ]